Edward A. RICHE, dba Riche Realty, Plaintiff and Respondent,

v.

Henry JENKINS, Defendant and Appellant.

No. 17474.

Supreme Court of Utah.

Jan. 29, 1982.

Stewart M. Hanson, Jr., Salt Lake City, for Jenkins.

Bruce R. Baird of Findley P. Gridley, Ogden, for plaintiff and respondent.

HOWE, Justice:

Defendant appeals from a judgment rendered against him in favor of plaintiff for a real estate commission and attorney's fees.

Defendant was the owner of two parcels of land in Weber County. On March 15, 1976, Giovanni Favero, a resident of California, through his brother, Robert Favero, executed an earnest money receipt and offer to purchase one of the parcels. The latter was also a real estate agent working in the brokerage of the plaintiff, Edward A. Riche, in Ogden, Utah. The offer by its express terms was conditioned upon written acceptance by the defendant within three days from the date of the offer, or March 18, 1976. Robert did not present the offer to the defendant within the three day period but he did inform him that an offer would be presented later.

On March 18, 1976, defendant executed a "Sales Agency Contract" on each of the two properties with the plaintiff as the listing broker and Robert Favero as the listing agent. The listing expired on September 8, 1976. The contract provided that the defendant would pay the plaintiff a commission of 6% of the sales price if the property were sold during the listing period and:

> Should said property be sold ... within six (6) months after such expiration to any party to whom the property was offered or shown ... during the term of listing.

On March 29, 1976, Robert presented to the defendant the earnest money receipt and offer to purchase made by Giovanni dated March 15, 1976. The defendant did not accept it and asked Robert to withdraw his property from the market. Thereafter neither Robert nor the plaintiff did anything to further the marketing of the property. They did not offer or show it to anyone and no offers were made by anyone. Although the sales agency contract provided that the plaintiff was to offer the property through the Multiple Listing Service of the Ogden Board of Realtors, neither the plaintiff nor Robert Favero did anything to comply with that requirement.

Giovanni remained in California during the entire six-month term of the listing and during that time was not again contacted concerning the property nor did he make any further offer. However, in the fall of 1976, Robert and the defendant had a conversation concerning Giovanni's possible interest in purchasing the property. On November 26, after the expiration of the listing, Giovanni and Robert met with the defendant in Ogden to discuss a possible purchase and sale. This was the first time that Giovanni had ever met the defendant. A sale was subsequently concluded on December 31, 1976, between defendant and Giovanni. Robert had by that time terminated his relationship with the plaintiff. He neither claimed nor mentioned a real estate commission for himself or for the plaintiff at the time of closing. Thereafter plaintiff learned of the sale and brought this action to collect a real estate commission. The trial court awarded judgment in favor of the plaintiff for a commission based upon its conclusion that the sale to Giovanni was within the terms of the listing agreement.

The defendant contends that the respondent was not entitled to a commission because the property was not "offered or shown" to Giovanni during the life of the agreement. The plaintiff counters that the offer made by Giovanni on March 15 and presented to the defendant on March 29 qualified Giovanni as a person to whom "the property was offered or shown during the term of the listing."

The difficulty with the plaintiff's position is that Giovanni's offer to purchase the property was made on March 15, three days before the listing was signed. Any effort expended by Robert to interest his brother in the property and to obtain that offer was completed before the listing took effect. The purpose of the language in the listing agreement quoted above is obviously to protect the broker against the possibility of the seller and a buyer whom the broker has shown or offered the property during the listing, from making an agreement after the listing has expired, thereby capitalizing on the efforts of the broker, but leaving him unrewarded for his efforts. Here,

however, that is not the case since Robert obtained the offer from Giovanni before the listing and he did not obtain it on the strength of or in pursuance of the listing.

The presenting of the offer to the defendant on March 29 does not strengthen the plaintiff's position. By that date the offer had expired and was really not an offer at all. Furthermore, even if it had been a viable offer, the presenting it to the defendant was not "offering or showing" the property to a prospective buyer. The "offering and showing" was completed before the listing commenced.

The plaintiff argues that the role of a broker is to facilitate a sale by bringing a buyer and a seller together and that the actual requirement of "offering or showing" and the exact timing of offers is not as important as the final result. This argument runs headlong into an important principle of contract law that contracting parties are at liberty to make whatever agreement they desire and to employ particular words to limit their liability in certain instances. Here, on a form provided by the broker, the parties agreed that a full commission would be paid after the listing had expired in one instance. That instance was if the property were sold to a person with whom the broker had expended efforts amounting to "offering or showing" the property during the life of the listing agreement. The reason for such provision has already been discussed. In no other instance was a commission provided for after the listing had expired. We are not at liberty to disregard the language chosen by and employed by the parties and broaden the liability in favor of one party at the expense of the other.

There is no evidence to support the trial court's conclusion of liability. The judgment below is reversed and the case is remanded with instructions to enter findings and judgment in favor of the defendant. Costs are awarded to the appellant.

HALL, C. J., STEWART and OAKS, JJ., and CHRISTINE DURHAM, District Judge, concur.